### SALYER v. COMMONWEALTH.

Court of Appeals of Kentucky.
Oct. 26, 1951.

Mann & Mann, Salyersville, for appellant.

A. E. Funk, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

The appellant was indicted and tried in her absence for selling intoxicating liquor in dry territory, and the jury fixed her punishment at a fine of $50 and 30 days in jail. In the absence of the appellant, who was not represented by counsel, the trial court submitted the case to a jury, as permitted by Section 184 of the Criminal Code of Practice.

The appellant had been indicted for the offense in May, 1949, and had attended terms of the court for the next year and a half without an action being taken upon the indictment. However, on January 8, 1951, the first day of the January term, her case was called for trial, she was not present or represented by counsel, and the court, acting under Section 184, instructed the jury to find the defendant guilty as charged and to fix the penalty as prescribed by law at a fine of not less than $20 nor more than $100 and by imprisonment in the county jail for not less than 30 days nor more than 60 days.

One week later, on January 15, 1951, the appellant filed a motion and grounds for a new trial in substance saying that she was sick on the day of the trial; that she was taking care of five infants, two of her own whose ages were twenty months and thirty-four months, and three grandchildren whose ages were five years, thirty-three months and one month, respectively, and that outside of herself only her sick husband and daughter were there to help care for them; that she is innocent of the charge and would so prove if given a hearing. Her affidavit was not supported by that of anyone else, but she requested that her absence in the circumstances be considered as involuntary and that she be given another chance for trial. The trial court refused her request and overruled the motion.

"The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the Code regulating the granting of new trials. * * * It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting new trials on ground of casualty and misfortune. But it will depend upon whether the ends of justice will be furthered, and in a measure whether

the party complaining has been guilty of laches such as to close the ear of the court to his application." Southern Insurance Company v. Johnson, 140 Ky. 485, 131 S. W. 270, 271. This rule has been applied in criminal cases, and may be found in Stewart v. Commonwealth, 197 Ky. 501, 247 S.W. 357. See, also, Short v. Commonwealth, 221 Ky. 181, 298 S.W. 381.

In view of the fact that the appellant regularly attended court during the intervening sessions, that she was not represented by counsel, that she apparently was ignorant of court procedure, and that special judges presided over one or more of the terms of court intervening between the time of the indictment and the time of the trial, we have concluded that it would be in the interest of justice for the trial court to grant the hearing which she prays.

The judgment is reversed.