**Paul E. PRATER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Paul E. Prater, pro se.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant sought postconviction relief as provided by RCr 11.42, asserting, among other things, that he had inadequate assistance of counsel upon his trial which resulted in the sentence he is now serving and that his court-appointed counsel refused to process an appeal from the judgment of conviction, although the appellant asserts that he requested his attorney to do so. The conviction occurred on September 19, 1955. The sentence was imprisonment for twenty-one years for alleged violation of KRS 433.150, assault with intent to rob.

The trial court denied the motion to vacate the judgment without an evidentiary hearing. Doubtless, the trial court recognized the seemingly inevitable futility of providing an evidentiary hearing after such an inordinate lapse of time between the date of the conviction and the filing of the motion for postconviction relief. As noted in McKinney v. Commonwealth, Ky., 445 S. W.2d 874, RCr 11.42 authorizes a prisoner to seek postconviction relief "at any time." In McKinney it was pointed out that at least to the extent of proof which would be required to sustain the motion for relief, a prisoner who has slept on his rights will bear a heavy burden to affirmatively prove the facts on which his relief must rest. A similar reference may be found in Desmond v. United States (1st Cir. 1964), 333 F.2d 378. However, in both McKinney and Desmond, an evidentiary hearing was afforded the prisoner. In Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959), the Supreme Court noted that 28 U.S.C.A. Section 2255, authorizes a prisoner to seek postconviction relief "at any time." In Heflin the Supreme Court stated that the expression "at any time" simply means that, as in habeas corpus, there is no statute of limitations, no res

judicata, and that the doctrine of laches is inapplicable.

In light of these holdings, it seems imperative that an evidentiary hearing be afforded this appellant so that he may undertake to sustain his heavy burden to convince the fact finder that he had ineffective assistance of counsel or that his appointed counsel improperly refused to take an appeal in his behalf.

The judgment is reversed for proceedings consistent with the opinion.

All concur.