### Raymond LITTLE, Appellant,

### v.

### COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 9, 1972.

Jarvis Allen, Prestonburg, for appellant.

Ed W. Hancock, Atty. Gen., Frankfort, Harold Stumbo, Commonwealth Atty., Prestonburg, for appellee.

STEINFELD, Chief Justice.

Raymond Little was charged with, and found guilty of, the offense of assault and battery, a misdemeanor. He was sentenced to six months' imprisonment and fined $200. He moved for an appeal which we granted, and we reversed the judgment.

The warrant which was served on July 11, 1971 commanded that Little be arrested and brought before the court on September 13, 1971. Little gave bond for his appearance on that date. However, his jury trial occurred in his absence on September 23, 1971. RCr 8.28(3) provides "In prosecutions for misdemeanors, the court may permit arraignment, plea, trial and imposition of sentence in the defendant's absence." This procedure has been approved. Willock v. Commonwealth, Ky., 435 S.W.2d 771 (1969); cert. denied, 393 U.S. 1067, 89 S. Ct. 723, 21 L.Ed.2d 711 (1969).

Upon learning of his conviction Little timely made a motion for a new trial, which motion was supported by his affidavit in which he stated that he had appeared in court on September 13, 1971 without counsel; that he was there informed that no criminal cases were being tried on that date, and that he had no knowledge that the trial was to be conducted on the 23rd of September. That motion was overruled although there were no countervailing affidavits or proof presented.

The record contains no order continuing the trial date and nothing to indicate that Little was to appear on September 23rd. We have held that the trial in a misdemeanor prosecution may not proceed in the absence of the defendant unless he has voluntarily absented himself. Prater v. Commonwealth, Ky., 474 S.W.2d 383 (1971). The Attorney General candidly and correctly admits that Little could not voluntarily have been absent from a trial of which he had no knowledge. Butcher v. Commonwealth, Ky., 276 S.W.2d 437 (1955). He therefore concedes, as we held in Salyer v. Commonwealth, Ky., 243 S.W. 2d 38 (1951), that Little is entitled to a new trial.

The motion for an appeal is sustained and the judgment is reversed for further proceedings consistent herewith.

All concur.