73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Marvin Wayne HAEBERLIN, Petitioner-Appellant,
v.
Emmitt L. SPARKMAN, Warden, Respondent-Appellee.
 No. 94-5503.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marvin Wayne Haeberlin, a Kentucky prisoner, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Based on the following discussion, we affirm the district court's order dismissing Haeberlin's petition.
 
 I.
 
 2
 Haeberlin was formerly married to the mother of two minor girls. In June 1988, he was indicted for the following state offenses involving the girls: two counts of first degree rape, one count of second degree rape, three counts of first degree sodomy, one count of sodomy in the second degree, and six counts of first degree sexual abuse. He was represented by retained counsel, Neil Banks. On November 9, 1988, he pleaded guilty as charged, and was sentenced to life imprisonment.[1] He did not appeal this conviction.
 
 
 3
 On January 8, 1989, Haeberlin filed a motion to withdraw his guilty plea. The Anderson County Circuit Court treated it as a Rule 11.42 motion under the Kentucky Rules of Criminal Procedure (RCr) and conducted an evidentiary hearing.[2] The court denied the motion, but dismissed four counts of the indictment dealing with sodomy. Specifically, the court stated that:
 
 
 4
 the plea of guilty by Defendant was voluntarily made with full knowledge of Defendant of the consequences, after advice of counsel and negotiation with Commonwealth Attorney, and the Motion to Withdraw Guilty Plea is overruled, except that Counts 4, 5, 11 and 12 of the indictment, which Defendant insists he is not guilty of, are hereby dismissed, leaving the remaining counts intact, in which the Defendant admits his guilt, and Defendant's sentence of life imprisonment on the remaining counts shall stand.
 
 
 5
 Haeberlin did not appeal this ruling.
 
 
 6
 Haeberlin then filed a second RCr 11.42 motion alleging that his original counsel was ineffective in not requesting a competency examination and not presenting an insanity defense. The court appointed Scott Getsinger as counsel, and conducted a second evidentiary hearing. On February 19, 1991, the court denied the motion. The Kentucky Court of Appeals affirmed this denial, holding that petitioner had failed to show that his counsel's performance was deficient and prejudicial.
 
 
 7
 Haeberlin moved for a rehearing based upon the court's rendering of a decision without a transcript of the second RCr 11.42 proceeding. He also alleged in this motion that his rights were violated throughout the case based on the following alleged errors: (1) the trial court did not inform him of his rights and failed to provide a transcript; (2) retained counsel made no effort to perform pre-trial discovery, investigate the case or present witnesses; (3) retained counsel also failed to adequately communicate with him prior to his guilty plea, advise him of his rights or sentencing range, or inform the court of his mental condition; and (4) no counsel was appointed for his appeal to the Kentucky Court of Appeals. On October 9, 1992, the Kentucky Court of Appeals denied the motion. The Kentucky Supreme Court declined to hear the case.
 
 
 8
 Haeberlin then filed a petition for a writ of habeas corpus in the district court raising issues regarding the effective assistance of counsel, the nature of his guilty plea, and the right to a transcript of a second post-conviction hearing under RCr 11.42. The magistrate judge recommended that the petition be denied, and warned Haeberlin that his failure to object within ten days would constitute a waiver of his right to appeal. Haeberlin moved for an extension of time to file objections to the magistrate judge's report. The district court granted him an additional fifteen days in which to file his objections. He failed to object within the allotted time, and the district court adopted the magistrate judge's report and recommendation.
 
 
 9
 On April 14, 1994, Haeberlin appealed to this court alleging that his federal constitutional rights were violated because: (1) the Anderson County Circuit Court failed to provide the Kentucky Court of Appeals with a certified record of the proceedings; (2) the state courts failed to ensure that he had appointed counsel to appeal the denial of his second RCr 11.42 motion; (3) retained counsel Neal Banks failed to perform any pre-trial discovery, investigate the case, inform him of defense options, and generally communicate regarding the case; and (4) Banks and appellate counsel Scott Getsinger failed to request a mental competency exam and to contact and present witnesses establishing Haeberlin's mental incompetence.[3]
 
 II.
 
 10
 Litigants must file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. Sec. 636(b)(1)(C), in order to preserve the right to appeal a district court order adopting the report. See Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991). Once a district court adopts a magistrate judge's report, this court may review only the issues to which objections have been filed. Smith, 829 F.2d at 1373. The right to appeal is waived as to all other issues. Id. The objection requirement, however, is not jurisdictional, and, hence, it may be excused in the interest of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 11
 Based on the circumstances of this case, we conclude that the objection requirement is excused. Accordingly, we will review the district court's order adopting the magistrate judge's report and recommendation.
 
 III.
 
 12
 First, Haeberlin asserts that he received ineffective assistance of counsel because counsel failed to request a competency examination. Although Haeberlin did not raise this issue in his first RCr 11.42 motion, he did raise it in his second RCr 11.42 motion. Moreover, the Kentucky Court of Appeals considered the issue in affirming the denial of his second motion.
 
 
 13
 The test for competency is "whether [a defendant] 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as a factual understanding of the proceedings against him.' " Williams v. Bordenkircher, 696 F.2d 464, 466 (6th Cir.), cert. denied, 461 U.S. 916 (1983). In this case, however, the court is only concerned with the adequacy of representation.
 
 
 14
 Haeberlin must show that his trial counsel's failure to move for a competency examination fell below an objective standard of reasonableness and was prejudicial. Strickland v. Washington, 466 U.S. 668 (1984). In order to meet this showing, he alleges that he suffers from Phenylketonuria (PKU),[4] has an I.Q. less than 55, and operates on a third grade level. Even if true, these allegations would be insufficient to show that Haeberlin's counsel was constitutionally required to request a competency examination.[5] Cf. Pate v. Smith, 637 F.2d 1068 (6th Cir.1981) (granting habeas corpus relief on competency question where there was medical evidence of mental illness as well as bizarre courtroom behavior leading to defendant's removal from courtroom).
 
 
 15
 A review of the state court record reveals letters from social workers and family members, among others. Although these letters mention some of Haeberlin's alleged deficiencies, none shows that he was incompetent. For example, one social worker recommended probation, but conceded that "[Haeberlin] should certainly have to take the consequences of his behavior...." Moreover, the letters also point out that Haeberlin finished high school and served a short term in the Coast Guard. Finally, the magistrate judge found that Haeberlin conceded that he can " 'learn to appreciate simple facts and the right and wrongness of specific behavior.' "
 
 
 16
 Haeberlin must show prejudice by proving "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). He has not shown that he would have gone to trial but for the errors of retained counsel. Haeberlin has failed to demonstrate ineffective assistance of counsel.[6]
 
 IV.
 
 17
 Haeberlin argues that Kentucky's failure to provide him with a transcript of the evidentiary hearing held on his second RCr 11.42 motion violated his federal equal protection and due process rights. Specifically, he asserts that appellate review of the denial of a second RCr 11.42 motion is an "appeal of right," and, thus, he was entitled to a constitutionally meaningful review, which should have included a transcript of the hearing below.
 
 
 18
 The magistrate judge determined that Kentucky was not required to prepare a transcript of the second state habeas proceeding because Haeberlin had no constitutional right to the hearing. Additionally, the magistrate judge concluded that the failure to provide the transcript was not a constitutional deprivation because the transcript does not exist. Although there is some question about the first of these two grounds,[7] the court's ruling is proper on the latter ground. There is no constitutional violation where a transcript does not exist, and, is thus unavailable to both sides. See, e.g., Norvell v. Illinois, 373 U.S. 420, 424 (1963). Finally, any error on this point would be harmless. "[I]n order to demonstrate denial of a fair appeal, petitioner must show prejudice resulting from the missing transcripts." Bransford v. Brown, 806 F.2d 83, 86 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987). The issue on the second RCr 11.42 motion only related to the alleged ineffectiveness of counsel regarding Haeberlin's competency. The allegations, even if true, do not show that his trial counsel's performance was deficient and prejudicial. Access to the record under these circumstances would not benefit Haeberlin. As we stated in Bransford, "petitioner must present something more than gross speculation that the transcript[ ] [was] requisite to a fair appeal.... The "petitioner's due process [and equal protection] right[s] to a fair appeal [have] not been denied by the absence of [the transcript of his second RCr 11.42 hearing]." Id.[8]
 
 V.
 
 19
 Next, Haeberlin contends that Kentucky's failure to appoint counsel to appeal the denial of his second RCr 11.42 motion was a violation of his right to counsel.
 
 
 20
 The Supreme Court has not accorded the same constitutional safeguards to defendants "mounting collateral attacks upon their convictions." See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (citation omitted); Douglas v. California, 372 U.S. 353, 356 (1963) ("We are dealing only with the first appeal, granted as a matter of right to rich and poor alike ..., from a criminal conviction."). In Finley, the Court held that a defendant "has no underlying constitutional right to appointed counsel in state postconviction proceedings." 481 U.S. at 557.[9] It follows a fortiori that Haeberlin has no constitutional right to counsel for the appeal of the denial of his state postconviction motion.
 
 VI.
 
 21
 Finally, Haeberlin asserts that he received ineffective assistance of counsel because counsel failed to: (1) perform any pre-trial discovery, (2) investigate the case, (3) inform him of defense options, and (4) generally communicate regarding the case. The district court below concluded that Haeberlin failed to present these claims in either of his two RCr 11.42 motions, and, thus, he was procedurally barred by RCr 11.42 from presenting these claims to the Kentucky courts. Accordingly, the court ruled that this procedural default precluded federal review of the claims.
 
 
 22
 A state prisoner seeking federal habeas relief must first exhaust his available state court remedies. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Hannah v. Conley, 49 F.3d 1193, 1195 (6th Cir.1995). However, "[i]f a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." Id. at 1195-96. Accord Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).
 
 
 23
 A review of the record reveals that Haeberlin did not present these issues to the state court.[10] RCr 11.42(3) explicitly provides that: "The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." See, e.g., Crick v. Commonwealth, 550 S.W.2d 534, 535 (Ky.1977) ("This court has held upon numerous occasions that issues which could have been presented in an initial motion to vacate cannot be raised by subsequent motions.") (citations omitted); Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988).[11] The magistrate judge thus did not err in holding that Haeberlin "is now procedurally barred from presenting any of his new claims to the Kentucky courts."
 
 
 24
 "[T]he prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal." Hannah, 49 F.3d at 1196 (citing Coleman, 501 U.S. at 750-51). Haeberlin may not show cause based on the alleged failure of counsel to present his claims in any of the post-conviction hearings. As stated supra, there is "no underlying constitutional right to appointed counsel in state postconviction proceedings." Finley, 481 U.S. at 557. Haeberlin has failed to show cause, and, thus, we need not examine the issue of prejudice. See Hannah, 49 F.3d at 1197 ("[Petitioner's] pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts.").
 
 
 25
 AFFIRMED.
 
 
 26
 MERRITT, Chief Judge, dissenting.
 
 
 27
 Because I believe (1) that Haeberlin's claims have not been exhausted at the state court level as required by the federal habeas corpus statute and (2) that the majority has erred in finding Haeberlin's claims procedurally defaulted, I respectfully dissent. First, Haeberlin has not exhausted certain of the claims at issue in his federal habeas petition. By presenting some of his claims to the state court for the first time in a petition to rehear a decision of the Kentucky Court of Appeals, Haeberlin has not "fairly presented" his claims to the state courts in a manner that allowed the state courts to rule on those claims. Second, once it erroneously decided to review the unexhausted claims, the majority misapplies the concept of procedural default. When reviewing a habeas petition, a federal court may not find a federal claim procedurally defaulted due to a perceived failure by the petitioner to follow state rules in the state court and thereby decline to rule on the merits of the federal claim. Only when the last state court to address the claim has plainly stated that the claim is procedurally barred from further review under an "adequate and independent state ground" may a federal court defer to the procedural rules of the state and decline to review the merits of the federal claim. Because the majority has erred in two significant matters in its opinion, I cannot agree with their holding. Accordingly, I would dismiss the petition and allow the Kentucky state courts the opportunity to address the claims in the first instance.
 
 Exhaustion
 
 28
 The federal habeas statute clearly prohibits federal review without first exhausting state claims. See 28 U.S.C. Sec. 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."); Rose v. Lundy, 455 U.S. 509, 518-20 (1982). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the claims. Picard v. Connor, 404 U.S. 270, 275 (1971); accord Weaver v. Foltz, 888 F.2d 1097, 1099 (6th Cir.1989). Such a requirement affords the state courts an opportunity to consider and correct any violations of federal law, thereby respecting our dual justice system.
 
 
 29
 This Court has previously held that raising an issue for the first time in a petition for rehearing on appeal does not constitute a claim that is "fairly presented" to a court and such a presentation to the state court does not exhaust state remedies. See Weigand v. Wingo, 380 F.2d 1022, 1023 (6th Cir.1967). Accordingly, as recognized by the majority, the claim of ineffective assistance of counsel has never been "fairly presented" to the Kentucky state courts for disposition. Op. at 10 n. 10 (it can "find no case holding that such presentation [in a Petition to Rehear] constitutes issues being 'fairly presented' to a state court"). As a matter of comity, the federal petition should be dismissed, as least as to the unexhausted claims, and properly brought before the Kentucky state courts to give them the opportunity to rule in the first instance.
 
 
 30
 Kentucky law provides adequate procedures for Haeberlin to bring these claims to the attention of the Kentucky state courts. For example, a conviction may be set aside despite a procedural default for any defect that prejudices the "substantial rights" of a defendant or results in "manifest injustice." RCr. 10.26. Criminal Rule 11.42 states that a prisoner "who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it." "At any time" has been interpreted by the Kentucky courts to mean that there is no statute of limitations, no res judicata and that the doctrine of laches does not apply to claims under Criminal Rule 11.42. Prater v. Commonwealth, 474 S.W.2d 383, 384 (Ky.App.1971) (prisoner who filed motion to vacate on ground of ineffective assistance of counsel sixteen years after conviction afforded an evidentiary hearing). Accordingly, there is no basis to state, as the majority asserts, that there is no remedy under Kentucky law of which Haeberlin may avail himself.
 
 
 31
 As acknowledged by the majority, the Kentucky courts have not had the opportunity to address Haeberlin's claims or to consider fully whether the circumstances of this case warrant that the procedural rules be excused. After the issues have been properly presented to the Kentucky state courts and they have had the opportunity to rule on the claims, Haeberlin can refile his federal habeas petition with properly exhausted claims.
 
 Procedural Default
 
 32
 Despite its acknowledgment that the claims at issue were not "fairly presented" to the state court, the majority proceeds to find Haeberlin's claims procedurally defaulted in state court. However, in a federal habeas corpus action, review of federal constitutional claims will not be considered barred by procedural default in state court unless the state court opinion plainly states that it rests upon adequate and independent state grounds. Harris v. Reed, 489 U.S. 255, 262-63 (1989); accord Rust v. Zent, 17 F.3d 155, 161 (6th Cir.1994). Because the Kentucky Court of Appeals did not say on what bases it relied in denying Haeberlin's petition to rehear, we cannot say that Haeberlin's procedural default constituted the "adequate and independent" state ground on which the state relied to foreclose judicial review of Haeberlin's constitutional claims. By finding the claims procedurally defaulted, the majority states, in essence, that this Court may bypass the state court and decide for itself how the state court would rule. The majority rationalizes its assumption of the role of the state court by stating that when a state court has not stated its opinion on an issue, the federal court may find a claim procedurally barred if there is "no uncertainty" that the state will find the issue procedurally barred. Op. at 11 n. 11. Citing Kentucky Criminal Rule 11.42(2), which states that a petitioner "shall" bring all claims in an 11.42 motion, the majority states that there is no uncertainty that the Kentucky courts would find Haeberlin barred from any relief in Kentucky state court.
 
 
 33
 The majority cites Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995), for the proposition that the federal court may speculate on what the state court will do when presented with an issue. This holding is contrary to settled law. See, e.g., Harris v. Reed, 489 U.S. at 262-63. Hannah, however, cites no authority for this proposition and recites the general rule that in cases of uncertainty as to whether a state court will consider a certain claim, federal courts should presume that the petitioner will be able to pursue such relief in state court. Hannah, 49 F.3d at 1196 (citing Brewer v. Dahlberg, 942 F.2d 328, 340 (6th Cir.1991) ("Any uncertainty whether the courts ... will consider petitioner's habeas claim on the merits is not substantial enough to render resort to the state process futile.)) The panel in Hannah then ignores the stated rule and presumes that the defendant will not be able to pursue his claims in state court. The majority here adopts this questionable holding for the instant case and then misapplies it. The conclusion that Kentucky state courts would refuse to hear Haeberlin's claims because they were not all brought in his first 11.42 motion and are thereby procedurally defaulted ignores the fact that Kentucky state courts have previously allowed multiple Rule 11.42 motions by the same party. While the Kentucky courts usually apply the "one bite" rule, they have already demonstrated their willingness to deviate from the procedural rules by hearing Haeberlin's two Rule 11.42 motions in this case. This Court, therefore, should not decide for the Kentucky state courts how they would handle a further claim by Haeberlin. Whether the Kentucky state court would entertain another motion on the issues here is unknown. See, e.g., Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987) ("We cannot be certain of how the Kentucky courts would react to a ... collateral attack unless and until an attack is actually made in the Kentucky courts on [petitioner's] conviction....").
 
 
 34
 The Kentucky courts have not had the opportunity to address certain of Haeberlin's claims and have not had the opportunity to consider fully whether the circumstances of this case warrant that the procedural rules be excused. Under federalism principles, the Kentucky courts should have the first opportunity to review the claims after they have been fairly presented and to decide under the circumstances how they wish to handle them. I would find the claims not exhausted and would dismiss the petition without prejudice so that Haeberlin can bring his unexhausted claims in state court.
 
 
 
 [1]
 Haeberlin asserts that the trial court asked him if he understood the nature of his plea, to which he allegedly replied, "No Sir, I do not." His trial counsel then allegedly interjected, "Yes your honor, he understands," and then the trial court accepted his guilty plea. In his motion for rehearing to the Kentucky Court of Appeals, Haeberlin recounts the colloquy in the following manner:
 The trial judge did ask one question of the appellant: "Do you understand, yes I think you do," appellant replied: "No, I do not." Counsel interviened [sic ] and responded, "Yes, he understands."
 
 
 [2]
 Although Haeberlin denied that this was a RCr 11.42 motion, the magistrate judge found that he was given adequate notice of the state court's intent to construe the motion under RCr 11.42. On appeal, he has not shown that the district court's adoption of the magistrate judge's finding was clearly erroneous
 
 
 [3]
 Although Haeberlin raised other issues in the district court and the state court proceedings, we only address the issues raised in his brief to our court. Other issues, such as his rights under Boykin v. Alabama, 395 U.S. 238 (1969), are deemed waived
 
 
 [4]
 PKU is an enzyme disorder causing mental retardation
 
 
 [5]
 A habeas petitioner's request for a competency hearing is measured against the following standard: "[A] defendant [must] present 'clear and convincing evidence to create a real, substantial and legitimate doubt as to [his] mental capacity ... to meaningfully participate and cooperate with counsel....' " Card v. Singletary, 981 F.2d 481, 483 (11th Cir.1992) (citations and internal quotation marks omitted)
 
 
 [6]
 He also alleges that appointed counsel violated his right to effective assistance by not requesting a competency hearing or contacting witnesses as part of the second RCr 11.42 motion. This allegation is without merit in that Haeberlin has no constitutional right to effective assistance of counsel in that proceeding. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). See infra section V
 Additionally, Haeberlin asserts that he received ineffective assistance of counsel because Banks made no effort to contact and present witnesses establishing petitioner's incompetency. As discussed supra, Haeberlin has failed throughout these proceedings to show that counsel should have been on notice about his alleged mental incompetency.
 
 
 [7]
 See Cohen v. Tate, 779 F.2d 1181, 1186 (6th Cir.1985) ("[I]n any case where a transcript is necessary for the taking of an appeal (either direct or post-conviction) an indigent appellant has a constitutional right to have one furnished by the government unless there are alternative appeal measures available or this right is waived.") (quoting from Bentley v. United States, 431 F.2d 250, 253 (6th Cir.1970), cert. denied, 401 U.S. 920 (1971))
 
 
 [8]
 The magistrate judge requested information from the Anderson Circuit Court regarding the transcript of the second RCr 11.42 hearing. It is unclear from Haeberlin's brief whether he alleges error regarding the absence of the transcripts from the first RCr 11.42 hearing and the plea and sentencing proceedings. We need not address the availability of these transcripts, however, because they are not relevant to the issues appealed to this court
 
 
 [9]
 The Supreme Court stated in Finley, "[p]ostconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature." Id. (citation omitted). See also Coleman v. Thompson, 501 U.S. 722 (1991) (petitioner did not have constitutional right to counsel on appeal from state habeas trial court judgment); Murray v. Giarratano, 492 U.S. 1 (1989) (neither Eighth Amendment nor Due Process Clause requires states to appoint counsel for indigent death row inmates seeking state postconviction relief)
 
 
 [10]
 Although these issues were in Haeberlin's brief in support of his motion for rehearing to the Kentucky Court of Appeals, we have found no case holding that such presentation constitutes issues being "fairly presented" to a state court
 
 
 [11]
 See also Hannah, 49 F.3d at 1196. In Hannah, we noted that state relief is presumed available when there is uncertainly regarding available state remedies. Ultimately, we found no uncertainty where petitioner's petition was time-barred under a state statute using the words "must" and "shall." Id