Bobby Lee HANNAH, Petitioner–Appellant,

v.

Robert CONLEY, Warden, Respondent–Appellee.

No. 93–5793.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1994.

Decided March 27, 1995.

---

Henry A. Martin, Fed. Public Defender (argued and briefed), Nashville, TN, for petitioner-appellant.

Bobby Lee Hannah (briefed), pro se, Tiptonville, TN, Kathy Morante, Asst. Atty. Gen. (argued and briefed), Kathy M. Principe (briefed), Office of the Atty. Gen., Criminal Justice Div., Nashville, TN, for respondent-appellee Robert Conley, Warden.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; MILES, District Judge.*

PER CURIAM.

Bobby Lee Hannah, a Tennessee prisoner, appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. For the reasons to follow, we AF-

---

* The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation.

FIRM IN PART and **VACATE IN PART**, and **REMAND** the case for further consideration.

## I

In April, 1988, a jury sitting in the Circuit Court of Blount County, Tennessee convicted Hannah of two counts of vehicular homicide and one count of aggravated assault. The convictions arose out of a drunken driving accident. Hannah, who had multiple prior convictions, was sentenced on May 8, 1988 to a total of forty years in prison. Hannah appealed to the Tennessee Court of Criminal Appeals. On February 28, 1989, that court affirmed Hannah's conviction and sentence. Hannah then filed an application for permission to appeal in the Tennessee Supreme Court, which was denied on June 5, 1989.[1]

On February 6, 1989, Hannah filed a petition for habeas corpus relief in the United States District Court for the Middle District of Tennessee. However, that court denied a certificate of probable cause because Hannah had not exhausted his available state remedies. On January 24, 1990, Hannah filed a petition for post-conviction relief in the Circuit Court for Blount County, Tennessee. On June 7, 1990, the Circuit Court denied relief. Hannah appealed the denial of post-conviction relief to the Court of Criminal Appeals. That court affirmed the trial court's decision on March 15, 1991. Hannah then filed an application for permission to appeal to the Tennessee Supreme Court, which denied his application on September 16, 1991.

Hannah filed the present petition for federal habeas relief on February 13, 1992, raising several grounds for relief. On April 2, 1992, appellee Robert Conley filed a motion to dismiss for failure to exhaust state remedies, contending that Hannah had failed to present to the state courts some of the claimed grounds for relief. In his motion, Conley noted that Hannah had until June 4, 1992 to file a second petition for post-conviction relief raising the unexhausted claims, pursuant to Tenn.Code Ann. § 40–30–102 (1994), which establishes a three-year limitation period for the filing of petitions for post-conviction relief.[2] Hannah made no response to this motion. On November 16, 1992, the district court ordered Hannah to show cause why his petition should not be dismissed on the basis of this procedural default. Hannah ultimately responded, contending that his default should be excused due to the ineffective assistance of trial counsel. The district court concluded that this allegation did not excuse Hannah's own failure to include all of his claims in a petition for post-conviction relief. Noting that Hannah had not presented "the majority" of his claims to the Tennessee courts in a timely manner, the district court dismissed the petition in its entirety.

## II

■ We review a district court's refusal to grant a habeas petition applying a de novo standard. *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1867, 128 L.Ed.2d 487 (1994).

■ As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies. 28 U.S.C. § 2254(b). Unless an exception applies, a petition must be dismissed for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy,* 455 U.S. 509, 518–20, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982). If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be

---

1. The district court noted, and so do we, that the copy of Hannah's application for permission to appeal to the Tennessee Supreme Court filed in the district court by appellee Robert Conley is illegible. The district court therefore could not determine what issues Hannah presented to that court.

2. Tenn.Code Ann. § 40–30–102 (1994) provides as follows:

A prisoner in custody under a sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest appellate court to which an appeal is taken or consideration of such petition shall be barred.

dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Coleman v. Thompson,* 501 U.S. 722, 750–51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).[3]

■ Conley concedes that Hannah properly exhausted his state remedies on two of his claimed grounds for relief: the claim that the trial court should have appointed an expert witness, and the claim that trial counsel was ineffective for not meeting with him often enough. The district court therefore erred in not addressing these claims on the merits. However, even Hannah concedes that he did not exhaust his available state remedies on at least one claim: the claim of prejudice due to the trial's venue. Despite this concession, Hannah urges us to hold that the district court should have considered *all* of his claims on the merits because he exhausted their "substantial equivalent" in the state courts.[4]

■ A petitioner must "fairly present" the substance of each of his federal constitutional claims to the state courts before the federal courts will address them. 28 U.S.C. § 2254(b), (c); *Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993). "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Id.* (citing *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir.1987)). "'The factual and theoretical substance of a claim must be presented to state courts to render it exhausted for federal habeas corpus purposes.'" *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). The district court did not specifically address the substantial equivalency issue, presumably because Hannah did not raise it in his response to the show cause order. Because we find it necessary to remand this case, we instruct the district court to address this issue on remand, upon an adequate record.

■ On appeal, Hannah also alternatively asserts, for the first time, that he should not be deemed to have procedurally defaulted on the issues which he has not presented to the state courts. Generally, in cases of uncertainty as to whether a state court will consider a habeas petition, we presume that the petitioner will be able to pursue such relief. *See Brewer v. Dahlberg,* 942 F.2d 328, 340 (6th Cir.1991). We find no uncertainty here: the state court will dismiss Hannah's petition as time-barred. The language of Tenn.Code Ann. § 40–30–102 is mandatory; a claimant "must" petition for relief within three years or the petition "shall" be barred.

Hannah argues that he will be able to avoid the limitations period, based on the holding in *Johnson v. State,* No. 02C01–9111–CR–00237, 1994 WL 90483, 1994 Tenn.Crim. App. LEXIS 162 (Tenn.Cr.App. March 23, 1994). In that case, the court held that a waiver of constitutional grounds for relief, by failing to present it in a prior petition for post-conviction relief, must be knowing and personal to the petitioner.[5] However, even if we assume that Hannah's own waiver was not knowing and personal, we find his reliance on *Johnson* to be meritless, for that

**3.** The cause and prejudice requirement may be excused in the extraordinary case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). This excuse does not apply here because Hannah does not deny that he was the driver of the vehicle involved in the accident.

**4.** Hannah alternatively argues that because Conley presented the district court with an illegible copy of Hannah's Tennessee Supreme Court application for leave to appeal his conviction, Conley has failed to substantiate the procedural default defense and has therefore waived it. Han-

nah cites to *Ford v. Georgia,* 498 U.S. 411, 420–21 n. 5, 111 S.Ct. 850, 856 n. 5, 112 L.Ed.2d 935 (1991). *Ford* does not support this argument. Indeed, the Supreme Court has held that "[t]he petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford,* 339 U.S. 200, 218–19, 70 S.Ct. 587, 597–98, 94 L.Ed. 761 (1950), *overruled in part on other grounds, Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

**5.** This same issue is currently before the Tennessee Supreme Court in *House v. State,* No. 03–C–01–9110–CR–00326, 1994 WL 97546, 1994 Tenn.

case nonetheless stresses the Tennessee legislature's desire for finality and notes the existence of the three-year statute of limitations. *Id.* at *19, 1994 Tenn.Crim.App. LEXIS 162 at *59.

■ Hannah further argues that in *Burford v. State,* 845 S.W.2d 204, 208–10 (Tenn. 1992), the Tennessee Supreme Court recognized that in some cases, application of the statute of limitations on post-conviction relief could work to deprive a petitioner· of liberty without due process of law. However, *Burford* addresses a unique situation where grounds for relief arise later, after the petitioner has already exhausted ·his appellate remedies.[6] *See also Pettyjohn v. State,* 885 S.W.2d 364 (Tenn.Crim.App. 1994). That situation is not presented here. Moreover, recently, in *Harden v. State,* 873 S.W.2d 2, 4 (Tenn.Cr.App.), *appeal denied* (Tenn. Nov. 1, 1993), the Tennessee Court of Criminal Appeals held that no exception to the limitations period was justified where the petitioner alleged that he had filed his petition pro se and was not schooled in the law. Under the circumstances, *Burford,* which generally upholds the limitations period in the face of a claimed due process violation, creates no uncertainty as to whether Tennessee courts would apply the statute to find Hannah's second petition barred.

■ The district court therefore properly required Hannah to show cause for his procedural default. In the district court, Hannah asserted ineffective assistance of his trial counsel as cause for his procedural default. However, ineffective assistance of trial counsel does not excuse Hannah's own failure to raise all of· his claims in a petition for post-conviction relief. *See Ewing v. McMackin,* 799 F.2d 1143, 1151 (6th Cir.1986).

■ Hannah ·also argues that the cause prong is satisfied by Tennessee's requirement, as stated in *Johnson,* that he knowingly waive his right to present certain grounds for relief. Presumably, he contends that his failure to raise any defaulted issues before the state courts was not the result of a knowing waiver. This resort to state law is unavailing. Cause is a question of federal, not state law. *See Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). Hannah's pro se status and ignorance of his rights do not constitute cause excusing .his failure to raise grounds before the state courts. *Ewing,* 799. F.2d at 1151. Because Hannah did not establish cause for his default, the district court did not err in failing to consider whether Hannah would be prejudiced by his inability to raise his defaulted claims in federal court.

### III

We vacate the district court's decision insofar as it dismisses, without addressing the merits, any claims which have been fairly presented to Tennessee's highest court. However, we affirm the decision insofar as it dismisses those claims which Hannah has not fairly presented to Tennessee's highest court and which are now procedurally barred. On remand, the district court should consider, on a complete record, the merits of the undisputedly exhausted claims, as well as any other claims which Hannah establishes were fairly presented to the state's highest court.

---

Crim.App. LEXIS 179 (Tenn.Crim.App. March 28, 1994), *appeal granted* (Tenn. July 25, 1994).

**6.** Notably, the Court in *Burford* concluded that generally, Tenn.Code Ann. § 40–30–102 "com-

plies with the due process requirements of the U.S. and Tennessee Constitutions." 845 S.W.2d at 208.