97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald Raphael MOSS, Plaintiff-Appellant,
Charles R. Sekoian; Michael Lynch; Jim Allard, Plaintiffs,
v.
Thomas G. PHILLIPS, Warden; Frank J. Kelley, Attorney
General; the De Facto State of Michigan,
Defendants-Appellees
 No. 95-2098.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: KEITH, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Jerald Raphael Moss, a pro se Michigan prisoner, appeals a district court judgment dismissing his hybrid civil rights and habeas corpus action, construed to be filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to 6th Cir.R. 9(a). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Moss and three other prisoners sued the "De Facto State of Michigan," a prison warden, and the state attorney general, without specifying the capacity in which they sued the defendants. In an absurd and factually unencumbered complaint, the plaintiffs asserted, inter alia, that: 1) they were denied "guaranteed rights ... by persons acting under color of law, by use of trickery, collusion, conspiracy, and fraud"; and 2) they were illegally prosecuted and imprisoned because they were "foreign states" immune from suit. Upon review of the magistrate judge's report and over the plaintiffs' objections, the district court granted the defendants' motion to dismiss. Thereafter, the district court denied Moss a certificate of probable cause.
 
 
 3
 In his timely appeal, Moss essentially reasserts the substance of the claims contained in his complaint, but specifically denies that those claims are brought pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 2254. Moss reasserts his demand that the "Great Writ of Habeas Corpus" be issued, which we construe as an application for a certificate of probable cause to appeal the district court's dismissal of his habeas claim.
 
 
 4
 Upon review, we conclude that the district court properly dismissed the case for failure to state a claim. See Fed.R.Civ.P. 12(b)(6); Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). Despite his claims to the contrary, we find that Moss's claims that his trial and subsequent imprisonment violated his due process rights and his sovereign immunity rights must be construed as an attempt to state claims under 42 U.S.C. § 1983 and 28 U.S.C. § 2254. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily render his conviction or sentence invalid, until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Moss's confinement has not been remedied by any of the aforementioned procedures. Thus, his claim is not cognizable under 42 U.S.C. § 1983, and the district court properly dismissed that claim.
 
 
 5
 Further, we conclude that Moss is not entitled to a certificate of probable cause to appeal the dismissal of his habeas claim. An individual seeking a certificate of probable cause is required to make a substantial showing of the denial of a federal constitutional right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Moss has wholly failed to make any such showing. In addition, a petitioner seeking federal habeas relief must demonstrate that he has exhausted his state court remedies as to every claim in the petition that might reasonably be construed as a claim for habeas relief. See 28 U.S.C. 2254(b) and (c); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995). The district court properly concluded that Moss failed to exhaust his state court remedies. For that reason, the district court did not err in dismissing the habeas claim and in refusing to issue a certificate of probable cause.
 
 
 6
 Accordingly, Moss's application for a certificate of probable cause is denied, see Fed.R.App.P. 22(b), and the district court's judgment is affirmed. 6th Cir.R. 9(b)(3).