98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William McCRADY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3087.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1996.
 
 1
 Before: MARTIN, Chief Judge; BROWN, Circuit Judge; McCALLA, District Judge.*
 
 ORDER
 
 2
 William McCrady appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, a jury convicted McCrady of one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and two counts of using a telephone to facilitate a felony in violation of 21 U.S.C. § 843(b). The district court sentenced McCrady to 192 months of imprisonment and five years of supervised release. On appeal, this court affirmed his conviction and sentence. United States v. Seale, Nos. 89-4098, etc., 1991 WL 224088 (6th Cir. Oct. 31, 1991) (unpublished per curiam).
 
 
 4
 Prior to his sentencing, McCrady filed his first § 2255 motion to vacate, alleging that: 1) he was denied the effective assistance of counsel; 2) several witnesses at his trial committed perjury; 3) juror misconduct occurred during the trial; 4) the jury was comprised of an unequal racial balance; 5) the district judge was prejudiced against him; and 6) insufficient evidence existed to support his conviction. The district court denied the motion as meritless and McCrady did not appeal this decision.
 
 
 5
 In 1993, McCrady filed a second § 2255 motion, alleging that: 1) the district court improperly calculated his guideline range; 2) an insufficient factual basis supported the district court's sentence; and 3) the government violated McCrady's due process rights at sentencing. The district court denied this motion as meritless and McCrady again did not appeal this decision.
 
 
 6
 In 1994, McCrady filed his third § 2255 motion alleging that he did not knowingly and intelligently waive his right to have counsel at trial. Over McCrady's objections, the district court adopted the magistrate judge's report and recommendation and denied the motion as meritless. McCrady has filed a timely appeal.
 
 
 7
 Upon review, we conclude that the district court properly denied McCrady's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's conviction. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 8
 We initially note that McCrady is barred from raising his claim in his motion to vacate because he did not raise it in his direct criminal appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless McCrady demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). McCrady does not argue cause to excuse his failure to raise this claim in his direct criminal appeal. Further, he was not prejudiced because, as noted below, the claim is without merit.
 
 
 9
 McCrady is also precluded from raising his claim because he did not raise it in one of his prior motions to vacate. A motion to vacate may be denied as an abuse of the writ if the petitioner had a prior opportunity to raise his claim and he either deliberately abandoned his claim or, by inexcusable neglect, did not raise that claim at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 489-90 (1991) (§ 2254 petition for writ of habeas corpus); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993) (applying McCleskey to § 2255 motion to vacate). Nonetheless, the court may review an abusive claim if the petitioner can demonstrate cause and prejudice to excuse the failure to raise the claim at the earlier opportunity. McCleskey, 499 U.S. at 493-94. McCrady argues that cause exists because he was uneducated and unskilled at the law when preparing his previous § 2255 motions. However, McCrady's ignorance of the law does not constitute cause to excuse his failure to raise the claim previously. See Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995) (per curiam). Further, McCrady was not prejudiced because his claim is without merit.
 
 
 10
 We conclude that McCrady's allegation that the district court did not conduct an adequate inquiry prior to his waiver of counsel did not constitute an error which had a substantial and injurious effect or influence in determining McCrady's conviction.
 
 
 11
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation