107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry James PHILLIPS, Petitioner-Appellant,
v.
Don SUNDQUIST; Charles Burson; Donal Campbell,
Respondents-Appellees.
 No. 96-5265.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Terry James Phillips, a pro se Tennessee prisoner, appeals a district court order dismissing his hybrid action stating claims for habeas corpus relief under 28 U.S.C. § 2254 and for violation of his civil rights under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Phillips sued the governor and attorney general of the State of Tennessee and the director of the Tennessee Department of Corrections (TDOC) for allegedly violating his rights under the Eighth and Fourteenth Amendments. He is currently serving a life sentence, which was imposed in October 1989 following his guilty plea to charges of first degree murder, aggravated kidnaping, and assault with intent to commit first degree murder. Phillips did not appeal his conviction and sentence, but subsequently brought an unsuccessful petition for post-conviction relief. A prior federal habeas corpus petition was filed on May 15, 1995, and reportedly raised issues concerning lack of due process, ineffective assistance of counsel, and involuntary guilty plea. That petition was transferred to the District Court for the Western District of Tennessee and there had been no action on it by the time the present action was filed.
 
 
 3
 In his present action, Phillips claimed that the defendants/respondents have held him in prison longer than allowed by state statutes mandating the reduction of his sentence through the application of sentence reduction credits. He sought monetary damages in addition to the recomputation of his sentence and release on parole. The district court initially construed Phillips's pleading as a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 and ordered service of process in an order filed on August 24, 1995. In a memorandum entered on February 6, 1996, the district court, upon further consideration, concluded that the pleading was more appropriately analyzed under 42 U.S.C. § 1983 and dismissed the complaint on the merits. To the extent that the pleading could be construed as a habeas corpus petition, the district court found that it was subject to dismissal for failure to exhaust state court remedies. A separate order was entered the same day.
 
 
 4
 On appeal, Phillips accepts the district court's decision to dismiss his action under § 2254 but continues to argue the merits of his § 1983 claim.
 
 
 5
 Upon review, we affirm the district court's order, although, in part, for a reason other than those relied upon by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). We conclude that this case is appropriately characterized as a hybrid habeas corpus/civil rights action and that the district court improperly considered the merits of Phillips's civil rights claim before the habeas corpus issue had been resolved.
 
 
 6
 The Supreme Court has determined that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, ---, 114 S.Ct. 2364, 2369 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)); Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir.1994). Under these circumstances, Phillips's claim for injunctive relief, i.e., the application of sentence reduction credits to his sentence, is only cognizable under § 2254. See Preiser, 411 U.S. at 488-90. As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas corpus relief by fairly presenting all of his claims to the state courts. 28 U.S.C. § 2254(a); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995) (per curiam). It is undisputed that Phillips did not do so. Therefore, the district court did not err in dismissing the habeas corpus portion of Phillips's action for failure to exhaust state court remedies.
 
 
 7
 However, the district court did err by considering the merits of Phillips's civil rights action for damages at this time. This claim which, if successful, would render Phillips's continued confinement invalid, must be dismissed because it is simply not cognizable until the challenged confinement has been remedied by some other process. See Heck, 114 S.Ct. at 2373.
 
 
 8
 Accordingly, we affirm the district court's order insofar as it dismisses the § 2254 portion of this hybrid action for failure to exhaust state court remedies. We also affirm the district court's order insofar as it dismisses the § 1983 portion of this action, but for the reason that, pursuant to Heck, it is not cognizable until Phillips's habeas corpus issue has been resolved. Rule 9(b)(3), Rules of the Sixth Circuit.