107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Oath HAYDEN, Petitioner-Appellant,
v.
Fred McANINCH, Warden, Respondent-Appellee.
 No. 96-3336.
 United States Court of Appeals, Sixth Circuit.
 Feb. 07, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Oath Hayden, proceeding pro se, appeals a district court's order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, following a bench trial, Hayden was found guilty of rape with a prior offense specification. He was sentenced to 10-25 years in prison. The state courts affirmed Hayden's conviction and sentence and denied all of his post-conviction motions. The Ohio Adult Parole Authority (OAPA) also revoked his parole from a prior sentence.
 
 
 3
 In support of his petition, Hayden presented the following grounds: (1) the rape victim and the petitioner's parole officer knowingly filed false charges against him and provided false testimony to the grand jury, denying him due process of law; (2) the OAPA erroneously revoked his parole by failing to follow state law procedures and by basing its decision on false evidence; (3) the trial court erred by not allowing him to inspect, prior to trial, certain scientific test results described in a criminologist's lab report; (4) the sentencing court subjected him to double jeopardy when it took into consideration a prior conviction in sentencing him; (5) the prosecution did not disclose potentially exculpatory evidence; (6) the prosecution presented perjured testimony at his trial; (7) the lower court denied him a "speedy post-verdict process"; and (8) his conviction was contrary to the manifest weight of the evidence.
 
 
 4
 The district court determined that Hayden had not fairly presented all of these claims to the Ohio courts and that he had not demonstrated cause or prejudice, preventing the federal court from reviewing the merits of the claims. The district court also determined that Hayden had not shown actual innocence to excuse his procedural default in state court. Thus, the district court denied the petition. On appeal, Hayden reasserts the grounds presented in district court.
 
 
 5
 This court will not consider Hayden's abandoned claim that the state trial court denied him a "speedy post-verdict process." Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 The district court properly found that Hayden's claims were procedurally barred in state court, and that Hayden did not establish cause and prejudice. 28 U.S.C. § 2254(b), (c); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995) (per curiam). Moreover, Hayden has not made a sufficient showing of actual innocence to excuse the procedural bar.
 
 
 7
 Accordingly, the district court's order denying Hayden's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.