Richard P. GOEBEL, Jr., Petitioner,

v.

Carl ANDERSON, Warden, Respondent.

No. 5:00CV1712.

United States District Court, N.D. Ohio, Eastern Division.

June 5, 2002.

Mark M. Simonelli, Patterson & Simonelli, Willoughby, OH, for petitioner.

Thelma Thomas Price, Office of Atty. Gen., Columbus, OH, for respondent.

## MEMORANDUM OF OPINION AND OPINION

POLSTER, District Judge.

Before the Court is Petitioner Richard P. Goebel Jr.'s Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (ECF No. 1). For the reasons stated below, the Petition is **DENIED.**

In 1992, Petitioner Richard P. Goebel Jr. was indicted by a Stark County Grand Jury on one count of felonious assault and one count of kidnaping, each with an attendant firearms specification. Petitioner subsequently entered a guilty plea to the charges and specifications. The trial court accepted the guilty plea on August 13, 1992, and sentenced him to an indefinite term of six to fifteen years of incarceration for felonious assault and an indefinite term of six to twenty-five years of incarceration for kidnaping, both sentences to be served concurrently. The court also imposed a three-year term of actual incarceration for each of the firearms specifications. Petitioner did not file a direct appeal from the judgment of conviction and sentence.

Petitioner filed his Petition for a Writ of Habeas Corpus with this Court on July 11, 2000 (ECF No. 1). In the Petition, Petitioner contends that his sentence should be vacated because he should have been re-sentenced under Senate Bill 2 and Senate Bill 269 (an amended version Senate Bill 2), which restructured the sentencing guidelines for certain felonies. On November 3, 2000, Respondent filed a Motion to Dismiss (ECF No. 10) on the basis that the applicable statute of limitations had run. On September 18, 2001, Magistrate Judge James S. Gallas issued a Report and Recommendation (ECF No. 12) in which he recommended denying the Motion to Dismiss, but also recommended denying the Petition for a Writ of Habeas Corpus due to procedural default.

On October 1, 2001, Petitioner filed an Objection to the Report and Recommendation (ECF No. 13) in which he maintains that although he is currently represented, he should be accorded leniency because he was unrepresented when he sought post-conviction relief in the state court. Petitioner further maintains that he has experienced fundamental unfairness as a result of the trial court's refusal to resentence him under Senate Bill 2, which went into effect after he was sentenced. On October 3, 2001, Respondent filed an Objection to the Report and Recommendation (ECF No. 14) in which he objects to the Magistrate Judge's determination that due to tolling, Petitioner's filing of the Petition for a Writ of Habeas Corpus was timely.

The Court agrees that because Petitioner failed to appeal his claims regarding his sentencing to the Ohio Supreme Court he procedurally defaulted those claims. *See, e.g., Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir.2001). Petitioner has not demonstrated cause for his failure to appeal the denial of his post-conviction motion to the Ohio Supreme Court. *See, e.g., Hannah v. Conley,* 49 F.3d 1193 (6th Cir.1995) (holding that petitioner's *pro se* status and ignorance of his rights did not constitute cause excusing his procedural default). Nor has Petitioner shown ac-

tual prejudice or that the failure to consider his claims will result in a fundamental miscarriage of justice.[1] Consequently, the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c), Fed. R.App. P. 22(b).

**IT IS SO ORDERED.**

### *JUDGMENT ENTRY*

For the reasons stated in the Memorandum of Opinion and Order filed contemporaneously with this Judgment Entry, and pursuant to Federal Rule of Civil Procedure 58, it is hereby ORDERED, ADJUDGED AND DECREED that the above-captioned case is hereby terminated and dismissed as final.

Furthermore, pursuant to 28 U.S.C. § 2253(c) and Fed. R.App. P. 22(b), there is no basis upon which to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

---

**1.** Because federal review is barred by Petitioner's procedural default, it is unnecessary to address the timeliness of Petitioner's filing. The Court notes that the mailbox rule does not apply in this case because Petitioner was represented by counsel when he filed his Petition for a Writ of Habeas Corpus. *See, e.g., Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir.2000).