**Dwayne E. WILSON, Sr., Petitioner–Appellant,**

v.

**Betty MITCHELL, Warden, Respondent–Appellee.**

No. 02–3834.

United States Court of Appeals, Sixth Circuit.

March 7, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

### ORDER

Dwayne E. Wilson, Sr., an Ohio prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 2000, a jury convicted Wilson of intimidation. Ohio Rev.Code § 2921.03(A). The court sentenced him to three years of imprisonment. The Ohio Court of Appeals affirmed the conviction and sentence in March 2001, and the Ohio Supreme Court denied further review. The conviction resulted from Wilson's conduct after his release on parole from a charge of gross sexual imposition. He violated the terms of his release by failing to report, changing his address without authorization, and threatening his parole officer. Wilson was returned to prison for ninety days, and his parole officer filed a criminal complaint charging him with intimidation.

After his direct appeal, Wilson filed a petition for a writ of habeas corpus in the district court. He raised four claims: (1) he was denied his Sixth Amendment right to equal protection and compulsory process; (2) the trial court lacked jurisdiction; (3) he was denied his right to a speedy trial; and (4) his conviction violated his Fifth Amendment right against double jeopardy, his rights to compulsory process and a speedy trial under the Sixth Amendment, and his rights under the Eighth, Thirteenth, and Fourteenth Amendments. The magistrate judge recommended denying the petition. The district court adopted the magistrate judge's report and recommendation over Wilson's objections,

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

946

denied the petition, and granted Wilson a certificate of appealability on all of his claims.

In his timely appeal, Wilson reasserts his district court claims and argues that state agents conspired against him.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we affirm the district court's decision for the reasons stated by the district court. First, Wilson procedurally defaulted claims (1) and (2) and all but the double jeopardy portion of claim (4). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Neither Wilson's counsel nor Wilson acting pro se raised claims in the Ohio Supreme Court that incorporated these habeas claims. Because Wilson sought review by both the Ohio Court of Appeals and the Ohio Supreme Court, he now has no remedies left to exhaust. *See Hannah v. Conley,* 49 F.3d 1193, 1195–96 (6th Cir.1995). Wilson is entitled to habeas review of his claims only if he can show cause to excuse his failure to present the claims in state court and actual prejudice to his defense at trial or on appeal, *see Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), or if he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Wilson has made no such showing.

■ Second, we conclude that the district court properly denied Wilson's remaining claims on the merits. In his speedy trial claim, Wilson contended that he was not tried within the time period established by Ohio law. *See* Ohio Rev. Code § 2945.71. The Ohio Court of Appeals reviewed the proceedings and held that the trial complied with Ohio law because Wilson's requests for continuances and a delay by the trial court while conducting another trial extended the speedy trial deadline. *State v. Wilson,* No. 77758, 2001 WL 233398, at *4 (Ohio Ct.App. Mar. 8, 2001). Wilson's speedy trial claim did not entitle him to habeas relief because the 124–day period between his arrest and trial was not presumptively prejudicial. *See Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Ohio Court of Appeals' decision was neither contrary to nor an unreasonable application of decisions by the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Moreover, Wilson did not rebut the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998). Accordingly, Wilson's speedy trial claim was without merit.

■ Wilson's double jeopardy claim was also without merit. Wilson claimed that his conviction for intimidation violated the Double Jeopardy Clause because he had already been penalized for the same conduct when his parole was revoked. The Ohio Court of Appeals rejected this claim by holding that subsequent criminal charges based on conduct which resulted in a post-release control sanction do not constitute double jeopardy because post-release control is part of the original judicially imposed sentence. *Wilson,* 2001 WL 233398, at *2. The federal appellate decisions that address this issue hold uniformly that double jeopardy does not apply to revocation of parole. *See, e.g., United States v. Pettus,* 303 F.3d 480, 487 (2d

Cir.2002); *United States v. Hanahan,* 798 F.2d 187, 189 (7th Cir.1986); *United States v. Miller,* 797 F.2d 336, 340–41 (6th Cir. 1986). The Ohio Court of Appeals' decision was not contrary to any decision of the Supreme Court, and the state court did not unreasonably apply the Court's double jeopardy principles to the facts of Wilson's case. *See* 28 U.S.C. § 2254(d); *Williams,* 529 U.S. at 412–13. Finally, Wilson did not identify any errors in the state court's factual findings. *See* 28 U.S.C. § 2254(e)(1); *Warren,* 161 F.3d at 360–61.

Wilson's arguments on appeal are completely unsupported and therefore without merit. For the foregoing reasons, we affirm the district court's decision to deny Wilson's petition for a writ of habeas corpus. Rule 34(j)(2)(C), Rules of the Sixth Circuit.