NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0014n.06
Filed: January 10, 2005

Case No. 03-1019

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RICHARD PETER PLAZA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BARBARA BOCK, WARDEN | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE: NELSON, SILER, and BATCHELDER, Circuit Judges

ALICE M. BATCHELDER, Circuit Judge. Richard Peter Plaza ("Plaza") appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus because Plaza's claims are procedurally defaulted. Plaza argues that he did not procedurally default his due process and equal protection claims and, in the alternative, he had cause for the default and will suffer actual prejudice if the district court does not grant his habeas petition. Because we find that Plaza procedurally defaulted his due process and equal protection claims by failing to raise them before the Michigan Court of Appeals on direct appeal, and because Plaza cannot demonstrate cause to excuse his default, we affirm the judgment of the district court.

I.

On January 22, 1999, the Lenawee County Circuit Court sentenced Plaza to a term of ten years to life in prison following Plaza's plea of guilty to one count of armed robbery. On January 29, 1999, the Michigan Department of Corrections informed the trial judge that he had imposed an illegal sentence, stating, "Could you please review your records to determine if the court intended on sentencing this prisoner to a determinate (Life) or an indeterminate sentence." On March 3, 1999, the trial court corrected the sentence to a term of ten to twenty years.

On March 8, 1999, Plaza filed in the trial court a request for the appointment of appellate counsel. The request claimed the trial transcript would show that the judge had sentenced Plaza for second degree murder rather than armed robbery. The trial court denied the request. On March 28, 1999, Plaza requested his docket entries, his transcripts, and other legal documents from the Lenawee County Circuit Court Clerk's office. On April 19, 1999, the Lenawee County Circuit Court Clerk informed Plaza via letter that he would have to file an affidavit of indigency in order to obtain the transcripts.

On April 22, 1999, Plaza filed a delayed *pro se* application for leave to appeal to the Michigan Court of Appeals the denial of his request for the appointment of counsel. Plaza did not explicitly raise in this application any claim involving the trial court's failure to provide him with transcripts, but he did include as an exhibit to the application his "Notice of Appeal Rights" provided to him by the Circuit Court. In that notice, Plaza stated the legal issue he wished to appeal as, "Read the Court transcript from 01/22/99. He sentenced me as a second degree murderer. He stated so in the transcript." Plaza also included as an exhibit an April 22, 1999, letter to the Clerk of the Michigan Court of Appeals in which Plaza wrote, "PLEASE NOTE: there is no record to be transcribed in this matter."

On April 27, 1999, five days after Plaza filed his application to appeal the denial of appellate counsel, Plaza sent an affidavit of indigency to the Lenawee County Circuit Court Clerk's office and also requested specific transcripts from his plea and sentencing hearings. On April 29, 1999, the circuit court clerk informed Plaza that the clerk's office did not have copies of the transcripts in the court file and that Plaza would have to contact the trial judge directly to obtain the transcripts. On May 2, Plaza requested his transcripts from the trial judge's clerk, Mr. Andrew Roth, but did not attach another affidavit of indigency. The deputy clerk of the circuit court responded on May 6, stating that Plaza would have to complete an affidavit of indigency before the clerk would send copies without payment. Plaza then sent another request for the transcripts to the circuit court clerk, along with another affidavit of indigency. To date, Plaza has apparently not received copies of his transcripts, nor are those transcripts in the joint appendix filed with this court.

On November 17, 1999, the Michigan Court of Appeals denied Plaza's application for leave to appeal, citing as its reason, "lack of merit in the grounds presented." On October 12, 2000, the Michigan Supreme Court denied leave, "because we are not persuaded that the questions presented should be reviewed by this Court." Plaza then filed a post-conviction motion for relief from judgment, claiming that he was denied due process by the failure of the Lenawee County Circuit Court to provide him transcripts of the proceedings in that court. That motion was denied by the Lenawee County Circuit Court

> pursuant to MCR 6.508(D)(3), for the reason that the Court finds that the Defendant has alleged grounds for relief which could have been raised on appeal from the prior conviction and sentence or in a prior motion and has failed to establish good cause for the failure to raise such grounds on appeal or in a prior motion.

3

The Court of Appeals denied leave to appeal, and the Michigan Supreme Court denied leave to appeal from the judgment of the Court of Appeals because Plaza had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."[1]

This court reviews de novo a district court's denial of a writ of habeas corpus. *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996).

## II.

A state prisoner may not challenge the constitutionality of his conviction by seeking habeas relief under 28 U.S.C. §2254 unless he has exhausted his available state court remedies. *See Coleman v. Thompson*, 501 U.S. 772, 731 (1991). To exhaust a claim, a state prisoner must fairly present that claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A court may find that a claim has been raised even if the papers are not clear and the proposition of law is not properly cited. *Ford v. Georgia*, 498 U.S. 411, 418 (1991).

---

[1]MCR 6.508(D) provides:
(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant
establishes that a retroactive change in the law has undermined the prior decision;
(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
(a) good cause for failure to raise such grounds on appeal or in the prior motion, and
(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;
(iv) in the case of a challenge to the sentence, the sentence is invalid.
The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

Plaza failed to "fairly present" to the Michigan Court of Appeals his claim that he was denied transcripts. The fact that Plaza did not include a sentencing transcript as part of his direct appeal of his sentence would not necessarily apprise the Court of Appeals of Plaza's claim that the state trial court unconstitutionally denied him access to the sentencing transcript. Even if the judges of the Michigan Court of Appeals assumed a transcript was not available, and then assumed that the trial court had somehow infringed on Plaza's rights by not making the transcript available, they were not required to consider arguments not raised by the parties. Because this record contains neither any evidence that Plaza raised his denial of transcript claim in his direct appeal before the Michigan Court of Appeals, nor evidence that the Michigan Court of Appeals considered that claim, we find no error in the district court's conclusion that the claim is procedurally defaulted.

### III.

When state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate either: (1) "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or (2) that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The state courts clearly relied on Plaza's failure to raise the denial of transcript claim on direct appeal in denying relief on his denial of transcript claim.

Plaza has not established cause for his failure to raise his denial of transcript claim on direct appeal. Plaza's best argument for "cause" is that the Lenawee County Clerk did not let Plaza know until after Plaza had filed his direct appeal that the court would not provide him with transcripts. That argument must fail, however, because Plaza was on notice of his denial of transcripts claim more than five months before the Michigan Court of Appeals issued its order denying leave to

5

appeal. Plaza had ample time to amend his application for leave to appeal to raise the denial of transcript claim. Additionally, neither Plaza's failure to realize that the trial court's denial of his request for transcripts was an appealable order, nor Plaza's inability to obtain appointed counsel excuses Plaza's default. This court has clearly stated that "pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts." *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).

Finally, Plaza cannot establish that the district court's failure to consider his denial of transcript claim will result in a "fundamental miscarriage of justice." Although the denial of transcripts may have prevented Plaza from raising his claim that he was denied due process at sentencing, there is no evidence that Plaza was damaged by being unable to raise that claim. Even if the trial court judge stated at the sentencing hearing that he was sentencing Plaza for second degree murder, the record definitively indicates that the error was corrected.

For all of the foregoing reasons, we **AFFIRM** the judgment of the district court.